# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:                                                      CASE NO.: 6:18-bk-06605-CCJ
                                                                               CHAPTER 7

PHILIP I. TROVER,

    Debtor.

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY
(*Final Judgment of Foreclosure Obtained*)

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Philip I. Trover, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on October 25, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) on April 2, 2018 in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Case Number: 482018CA003343A, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

   **LOT 39, OF ISLES OF LAKE HANCOCK PHASE II, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 48, PAGES 6 THROUGH 11, INCLUSIVE, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA**.

   This property is located at the street address of: 7835 Skiing Way, Winter Garden, FL 34787.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on September 12, 2018 in the amount of $774,932.27. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $847,580.00. See Exhibit **"B"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. The Debtor(s)' schedules have not yet been filed, therefore, it is unclear how the Debtor intends to treat the property. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

> ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
> Authorized Agent for Secured Creditor
> 6409 Congress Ave., Suite 100
> Boca Raton, FL 33487
> Telephone: 561-241-6901
> Facsimile: 561-997-6909
>
> By:  /s/ Shreena Augustin_____
> Shreena Augustin, Esquire
> Email: saugustin@rasflaw.com
> FL Bar Number: 0117598

**I HEREBY CERTIFY** that on November 9, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Philip I. Trover
7835 Skiing Way
Winter Garden, FL 34787

K Wade Boyette, Jr.
Boyette Law Offices, P.A.
1635 East Highway 50
Suite 300
Clermont, FL 34711

Carla P Musselman
1619 Druid Road
Maitland, FL 32751

United States Trustee - ORL7/13
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
    Authorized Agent for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-997-6909

    By: _/s/ Shreena Augustin_____
    Shreena Augustin, Esquire
    Email: saugustin@rasflaw.com
    FL Bar Number: 0117598

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2,

   Plaintiff,

vs.

Philip I. Trover a/k/a Phillip I. Trover; Susan K. Trover a/k/a Susan Trover; Bank of America, N.A. ; Isles of Lake Hancock Homeowners Association, Inc.; Orange County, Florida,

   Defendants.
_____/

GENERAL JURISDICTION DIVISION

Case No. 482018CA003343A001OX

**DOC # 20180556361**
09/20/2018 08:54 AM   Page 1 of 4
Rec Fee: $0.00
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Phil Diamond, Comptroller
Orange County, FL
Ret To: ORANGE COUNTY CLERK OF COURT
ERECORD

## FINAL JUDGMENT

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Judgment on September 12, 2018. On the evidence presented

IT IS ADJUDGED that:

1. Plaintiff, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409, is due:

| | |
|---|---:|
| Principal | $688,311.22 |
| Interest to date of this judgment | $43,482.40 |
| Escrow Balance | $18,554.51 |
| Prior Servicer Escrow Balance | $4,013.32 |
| Title Search Expense | $300.00 |
| Taxes | $64,885.14 |
| Insurance | $14,251.52 |
| Property Appraisal/BPO | $170.00 |
| Property Inspections | $282.50 |
| Attorneys' fees: | |
|  Other:* | $3,105.00 |

---

* The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee

| | |
|---|---|
| Attorneys' fees total | $3,105.00 |
| Complaint Filing | $1,960.00 |
| Service of Process | $325.00 |
| Mediation | $100.00 |
| Subtotal | $839,740.61 |
| LESS: Suspense balance | $(212.87) |
| LESS: Payments/Credits | $(64,595.47) |
| **TOTAL** | **$774,932.27** |

2. The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest in accordance with Section 55.03, Florida Statutes.

3. Plaintiff holds a lien for the total sum superior to all claims or estates of defendants, on the following described property in Orange County, Florida:

LOT 39, OF ISLES OF LAKE HANCOCK PHASE II, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 48, PAGES 6 THROUGH 11, INCLUSIVE, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

4. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on _OCT 29TH, 2018_ to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at 425 North Orange Avenue in Orange County in Orlando, Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):

☐ At _____, beginning at _____ on the prescribed date.

☑ By electronic sale beginning at 11:00 on the prescribed date at www.myorangeclerk.realforeclose.com.

5. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of

---

is reasonable.

the sale; and by retaining any remaining amount pending the further order of this court.

    7. On filing the certificate of sale, defendants and all persons claiming under or against defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

    8. Jurisdiction of this action is retained to enter further orders that are necessary or are proper including, but not limited to re-foreclosure against any subordinate interest omitted from these proceedings, determining the amounts owed to any condominium or homeowners association, issuance of a writ of possession and the entry of a deficiency judgment, when and if such deficiency is sought if the parties liable under the note have not been discharged in bankruptcy (however no deficiency may be sought if the parties liable under the note were subject to an order allowing Plaintiff or its predecessors-in-interest only in rem relief from the bankruptcy automatic stay).

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 425 NORTH ORANGE AVENUE, ORLANDO, FLORIDA 32801 WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC., 1036 WEST AMELIA STREET, ORLANDO, FL 32805 AT (407) 841-7777 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR**

**REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at Orlando, Florida, on Sept. 12th, 2018.

_____
Circuit Court Judge

Copies furnished:

Willnae LaCroix, Esq.
Attorney for Plaintiff
1501 NW 49th Street, Suite 200
Fort Lauderdale, FL 33309
FLCourtDocs@brockandscott.com

Bank of America, N.A.
c/o Anthony Loney, Esq.
One East Blvd., Suite 1430
Fort Lauderdale, FL 33301
fleservice@flwlaw.com

Philip I. Trover a/k/a Phillip I. Trover
7835 Skiing Way
Winter Garden, FL 34787

Susan K. Trover a/k/a Susan Trover
7835 Skiing Way
Winter Garden, FL 34787

Isles of Lake Hancock Homeowners Association, Inc.
c/o Don H. Nguyen, Esq.
3203 Lawton Road, Ste. 125
Orlando, FL 32803
don@dhnattorneys.com

Orange County, Florida
c.o Adolphus A. Thompson, Esq.
201 S. Rosalind Ave, 3rd Floor
Orlando, FL 32802
forexlosure.eserve@ocfl.net; Adolphus.Thompson@ocfl.net

482018CA003343A001OX                                           File # 17-F03016

**EXHIBIT "B"**

# Property Record - 27-23-27-2740-00-390

Orange County Property Appraiser • http://www.ocpafl.org

## Property Summary as of 11/07/2018

**Property Name**
7835 Skiing Way

**Names**
Trover Phillip I
Trover Susan K

**Municipality**
ORG - Un-Incorporated

**Property Use**
0104 - Single Fam Class IV

**Mailing Address**
7835 Skiing Way
Winter Garden, FL 34787-6208

**Physical Address**
7835 Skiing Way
Winter Garden, FL 34787



QR Code For Mobile Phone





## Value and Taxes

### Historical Value and Tax Benefits

| Tax Year Values | Land | Building(s) | Feature(s) | Market Value | Assessed Value |
|---|---|---|---|---|---|
| 2018 ✓ MKT | $285,000 + | $693,340 + | $14,000 = | $992,340 (4.6%) | $847,580 (2.1%) |
| 2017 ✓ MKT | $260,000 + | $675,072 + | $14,000 = | $949,072 (0%) | $830,147 (2.1%) |
| 2016 ✓ MKT | $280,000 + | $654,659 + | $14,000 = | $948,659 (1.9%) | $813,072 (.70%) |
| 2015 ✓ MKT | $250,000 + | $667,156 + | $14,000 = | $931,156 | $807,420 |

| Tax Year Benefits | | Original Homestead | Additional Hx | Other Exemptions | SOH Cap | Tax Savings |
|---|---|---|---|---|---|---|
| 2018 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $144,760 | **$3,021** |
| 2017 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $118,925 | **$2,624** |
| 2016 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $135,587 | **$2,960** |
| 2015 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $123,736 | **$2,823** |

## 2018 Taxable Value and Certified Taxes

| Taxing Authority | Assd Value | Exemption | Tax Value | Millage Rate | Taxes | % |
|---|---|---|---|---|---|---|
| Public Schools: By State Law (Rle) | $847,580 | $25,000 | $822,580 | 4.0510 (-4.05%) | **$3,332.27** | 25 % |
| Public Schools: By Local Board | $847,580 | $25,000 | $822,580 | 3.2480 (0.00%) | **$2,671.74** | 20 % |
| Orange County (General) | $847,580 | $50,000 | $797,580 | 4.4347 (0.00%) | **$3,537.03** | 27 % |
| Unincorporated County Fire | $847,580 | $50,000 | $797,580 | 2.2437 (0.00%) | **$1,789.53** | 13 % |
| Unincorporated Taxing District | $847,580 | $50,000 | $797,580 | 1.8043 (0.00%) | **$1,439.07** | 11 % |
| Library - Operating Budget | $847,580 | $50,000 | $797,580 | 0.3748 (0.00%) | **$298.93** | 2 % |
| South Florida Water Management District | $847,580 | $50,000 | $797,580 | 0.1209 (-5.18%) | **$96.43** | 1 % |
| South Florida Wmd Okeechobee Basin | $847,580 | $50,000 | $797,580 | 0.1310 (-5.35%) | **$104.48** | 1 % |
| South Florida Wmd Everglades Const | $847,580 | $50,000 | $797,580 | 0.0417 (-5.44%) | **$33.26** | 0 % |
| | | | | 16.4501 | $13,302.74 | |

## 2018 Non-Ad Valorem Assessments

| Levying Authority | Assessment Description | Units | Rate | Assessment |
|---|---|---|---|---|
| COUNTY SPECIAL ASSESSMENT | WASTE PRO - GARBAGE - (407)836-6601 | 1.00 | $230.00 | **$230.00** |
| | | | | **$230.00** |

# Property Features

## Property Description

ISLES OF LAKE HANCOCK PH 2 48/6 LOT 39

## Total Land Area

83,034 sqft (+/-)  |  1.91 acres (+/-)  GIS Calculated

## Land

| Land Use Code | Zoning | Land Units | Unit Price | Land Value | Class Unit Price | Class Value |
|---|---|---|---|---|---|---|
| 0130 - Sfr - Lake Front | P-D | 1 LOT(S) | $285,000.00 | $285,000 | $0.00 | $285,000 |

## Buildings

| **Model Code** | 01 - Single Fam Residence | Subarea Description | Sqft | Value |
|---|---|---|---|---|
| **Type Code** | 0104 - Single Fam Class IV | BAS - Base Area | 3575 | $480,587 |
| **Building Value** | $687,960 | FGR - Fin Garage | 988 | $66,408 |

| | | | | |
|---|---|---|---|---|
| Estimated New Cost | $768,670 | FOP - F/Opn Prch | 84 | $2,823 |
| Actual Year Built | 2003 | FSP - F/Scr Prch | 628 | $29,575 |
| Beds | 5 | FUS - F/Up Story | 1656 | $189,277 |
| Baths | 5.0 | | | |
| Floors | 2 | | | |
| Gross Area | 6931 sqft | | | |
| Living Area | 5231 sqft | | | |
| Exterior Wall | Cb.Stucco | | | |
| Interior Wall | Drywall | | | |

## Extra Features

| Description | Date Built | Units | Unit Price | XFOB Value |
|---|---|---|---|---|
| FPL3 - Good Fireplace | 04/23/2003 | 2 Unit(s) | $6,000.00 | $12,000 |
| PT2 - Patio 2 | 01/01/2005 | 1 Unit(s) | $2,000.00 | $2,000 |

# Sales

## Sales History

| Sale Date | Sale Amount | Instrument # | Book/Page | Deed Code | Seller(s) | Buyer(s) | Vac/Imp |
|---|---|---|---|---|---|---|---|
| 04/29/2005 | $1,245,000 | 20050344458 | 07981 / 4723 | Warranty Deed | Wemyss David A  Wemyss Jean B | Trover Phillip I  Trover Susan K | Improved |
| 11/29/2001 | $180,000 | 20010542900 | 06402 / 3043 | Warranty Deed | Justen Properties LLC | Wemyss David A  Wemyss Jean B | Vacant |

## Similar Sales

| Address | Sale Date | Sale Amount | $/SQFT | Deed Code | Beds/Baths | Instrument # | Book/Page |
|---|---|---|---|---|---|---|---|
| 14613 Isleview Dr | 03/08/2018 | $435,000 | | Warranty Deed | 0/0 | 20180153951 | / |
| 14637 Isleview Dr | 12/22/2017 | $1,300,000 | $286 | Warranty Deed | 4/4 | 20170701242 | / |

# Services for Location

## TPP Accounts At Location

| Account | Market Value | Taxable Value | Business Name(s) | Business Address |
|---|---|---|---|---|

There are no TPP Accounts associated with this parcel.

## Schools

Windermere (High School)

| | |
|---|---|
| **Grades** | 2018: B \| 2017: |

Bridgewater (Middle School)

| | |
|---|---|
| **Principal** | Andrew Jackson |
| **Office Phone** | 407-905-3710 |
| **Grades** | 2018: A \| 2017: A \| 2016: A |

Independence (Elementary)

| | |
|---|---|
| **Principal** | Dr. Angela Dawn Murphy-Osborne |
| **Office Phone** | 407-217-7727 |
| **Grades** | 2018: A \| 2017: A \| 2016: A |

## Community/Neighborhood Association

| | |
|---|---|
| **Name** | Isles of Lake Hancock Homeowners Association, Inc. |
| **Gated?** | Yes |
| **Number Of Households** | 34 |

## Utilities/Services

| | |
|---|---|
| **Electric** | Duke Energy |
| **Water** | Orange County |
| **Recycling (Wednesday)** | Orange County |
| **Trash (Wednesday)** | Orange County |
| **Yard Waste (Thursday)** | Orange County |

## Elected Officials

| | |
|---|---|
| State Senate | Victor M. Torres, Jr. |
| US Representative | Val Demings |
| School Board Representative | Pam Gould |
| State Representative | Eric Eisnaugle |
| County Commissioner | Betsy VanderLey |
| Orange County Property Appraiser | Rick Singh |

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:  CASE NO.: 6:18-bk-06605-CCJ
 CHAPTER 7
**PHILIP I. TROVER,**

　　Debtor.

_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came on consideration without a hearing on Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2's ("Secured Creditor") Motion for Relief from Stay (Docket No. ##). No appropriate response has been filed in accordance with Local Rule 2002-4. Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.
2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 7835 Skiing Way, Winter Garden, FL 34787

1

in Orange County, Florida.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

6. Attorneys' fees in the amount of $350.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Shreena Augustin, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.